By the Court, Nelson, Ch. J.
The discharge in this case was grante'd under the compulsory provision of the bankrupt act, and it is supposed by the counsel for the plaintiff that it was necessary to aver in the plea the existence of the facts upon which the creditors were authorized to proceed and have their debtor declared a bankrupt; or in other words, that the particular act or acts of bankruptcy upon which they proceeded against him should be specified. I think not. As1 the proceeding is one taken at the instance of the creditors, and in which the debtor is to be regarded as an adversary party, it appears to me sufficient for him, in pleading the discharge, to aver in general terms that he had become a bankrupt, within the true meaning and intent of the act of congress. To hold that an averment of the particular act or acts of bankruptcy is essential to the validity of the plea, would be equivalent to holding that the debtor must assume upon himself the proof of the averment on the trial, if put in issue by the pleadings; a burthen which I apprehend it would be extremely unjust to impose upon him. (Frary v. Dakin, 7 Johns. Rep. 75.) He can hardly be held . responsible for the truth and existence of matters which have been determined against him by a competent tribunal in an ad *609 versary proceeding on behalf of the creditors, and of which, they have had the benefit. The question under this clause stands upon a very different footing, as it respects jurisdictional facts, from the one arising under the voluntary branch of the law, where the bankrupt is the moving party, and must see that the court has jurisdiction.
The pleadings under the English bankrupt law afford no light upon the question, as that act prescribes a short form of pleading the certificate. (Eden On Bankr. 425; 3 Chit. Pl. 911, ed. of 1840.)
The pleader in this case, however, instead of beginning by setting out that the defendant had been declared a bankrupt, should have begun with the general averment that the defendant was a bankrupt, within the true intent and meaning of the act of congress, setting forth enough of the proceedings to give the district court jurisdiction: and then taliter processum fuit that he was discharged by the court.
The rules of pleading as heretofore applied in cases of pleading discharges under our insolvent laws, will afford a very good guide to the pleade.r under the law in question, mutatis mutandis. If the pleader in the instance before us had consulted those cases, he would have been more successful in presenting the defence in a skilful and lawyer-like manner.
I think the plea defective, and the demurrer well taken.
Judgment for the plaintiff.